IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02828-PAB

GRAHAM KING,

    Plaintiff,

v.

RON WOLLNER,
COMPUTER DATA SOURCE, INC., a New Jersey corporation, and
MICHAEL SINGLETON,

    Defendants.

---

**ORDER OF REMAND**

---

This matter comes before the Court *sua sponte* on defendants' Notice of Removal [Docket No. 1]. Defendants claim that the Court has jurisdiction over the case based on diversity of citizenship pursuant 28 U.S.C. § 1332(a). *See* Docket No. 1 at 2, ¶ 7. The Court finds that the notice of removal is deficient regarding the amount in controversy and, therefore, will remand.

In every case and at every stage of a proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980). Generally, a party may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2006). Relevant to the present case, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. 1332(a) (2006).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Therefore, when a defendant removes a case from state court asserting the existence of diversity jurisdiction, the removing defendant has the burden of establishing that the jurisdictional prerequisites of § 1332 have been satisfied. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Where uncertainties exist regarding the Court's jurisdiction, those uncertainties are resolved in favor of remand. *Martin*, 251 F.3d at 1290; *see also Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[T]here is a presumption against removal jurisdiction.").

If at any time, "a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Where a case has been removed from state court and a court determines any time prior to final judgment that jurisdiction is lacking, 28 U.S.C. § 1447(c) mandates that the case be remanded to state court. *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

"Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." *Laughlin*, 50 F.3d at 873. "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the

notice of removal." *Martin*, 251 F.3d at 1290 (quoting *Laughlin*, 50 F.3d at 873). When the plaintiff's damages are unspecified, the defendant must establish the jurisdictional amount by at least a preponderance of the evidence. *Martin*, 251 F.3d at 1290.

Here, the complaint alleges that, as of September 23, 2011, plaintiff was entitled to $42,132.95 of unpaid wages as of the time of his termination by defendant Computer Data Source, Inc. ("CDS"). Plaintiff also seeks a statutory penalty pursuant to Colo. Rev. Stat. § 8-4-109.[1] When the maximum applicable penalty is added to $42,132.95, the amount in controversy could potentially exceed $75,000.00. *See* Colo. Rev. Stat. § 8-4-109(3)(b) & (c). However, plaintiff also alleges that CDS has since paid him a "part of the demanded payment." Docket No. 2 at 3, ¶ 26. Therefore, the complaint does not establish the requisite amount in controversy, as it is far from clear whether CDS's partial payment has reduced the amount in controversy to or below $75,000.00. Moreover, in the face of this uncertainty, defendants neither supply a calculation of the damages plus statutory penalty nor offer any additional evidence in an attempt to "affirmatively establish[]" the amount in controversy. *Laughlin*, 50 F.3d at 873.[2]

---

[1] Pursuant to Colo. Rev. Stat. § 8-4-109, an employer who fails to promptly tender unpaid wages to a terminated employee "shall be liable to the employee for the wages or compensation, and a penalty of . . . [o]ne hundred twenty-five percent of that amount of such wages or compensation up to and including seven thousand five hundred dollars; and . . . [f]ifty percent of that amount of such wages or compensation that exceed seven thousand five hundred dollars." Colo. Rev. Stat. § 8-4-109(3)(b). Furthermore, "[i]f the employee can show that the employer's failure to pay is willful, the penalty required under paragraph (b) of this subsection (3) shall increase by fifty percent." Colo. Rev. Stat. § 8-4-109(3)(c); *cf.* Docket No. 2 at 4, ¶ 29 (alleging that "CDS's failure to pay [plaintiff] his earned compensation is willful").

[2] Plaintiff also seeks its attorney's fees and costs, but defendants have not estimated the potential amounts or provided any basis to calculate them. *Cf. Dudley–Barton v.. Service Corp. Int'l.*, No. 10-cv-03091-CMA-KLM, 2011 WL 1321955,

Therefore, this matter must be remanded to state court. *See Holladay v. Kone, Inc.*, 606 F. Supp.2d 1296, 1298 (D. Colo. 2009) ("'[T]here is a presumption against removal jurisdiction,' so that all doubts are resolved in favor of remand.") (quoting *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), and citing *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001); *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982)).[3]

For the foregoing reasons, it is

**ORDERED** that, due to this Court's lack of subject-matter jurisdiction, this case is REMANDED to the District Court for Boulder County, Colorado, where it was originally filed as Case No. 2011cv1117.

DATED October 31, 2011.

                                              BY THE COURT:

                                              s/Philip A. Brimmer
                                              PHILIP A. BRIMMER
                                              United States District Judge

---

at *3 (D. Colo. Apr. 5, 2011) ("This Court cannot be left to speculate as to potential damages, fees, or costs when no evidence is before it.").

[3] As a final note, defendants allege that the "individual defendants, Ron Wollner and Michael Singleton, are both residents of the state of New Jersey." Docket No. 1 at 2, ¶ 7.a. A natural person is a citizen of the state in which he or she is domiciled, not necessarily where he or she resides. *See Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Id.* at 1260. Defendants' allegations regarding the citizenship of the natural person defendants are therefore also insufficient.